# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James G. Dudgeon, | Case No. 19-cv-1489 (SRN/DTS) |
| Petitioner, | |
| v. | **ORDER** |
| Warden M. Rios, | |
| Respondent. | |

James G. Dudgeon, FPC-Duluth, P.O. Box 100, Duluth, Minnesota 55814, pro se.

Ana H. Voss, Ann M. Bildtsen, and Erin M. Secord, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner James G. Dudgeon's Petition for a Writ of Habeas Corpus [Doc. No. 1] under 28 U.S.C. § 2241 and Motion for Immediate Transfer to Home Confinement [Doc. No. 2]. For the reasons set forth below, the petition is denied without prejudice and the motion is denied.

## I.   BACKGROUND

Petitioner, who is 61 years old, is serving a two-year term of imprisonment at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"), for aggravated identity theft. (Boldt Decl. [Doc. No. 15] ¶ 4; Pet. ¶ 13.) He seeks immediate placement in the elderly home confinement pilot program. (Pet. at 6–7; Mot. at 4.) He asserts that he has petitioned

staff at the Bureau of Prisons ("BOP") for placement in this program and they have denied his requests. (Mot. at 2.)

## II. DISCUSSION

In order to address Dudgeon's petition and motion, the Court first addresses his projected release date from federal custody. The First Step Act of 2018 modified the calculation of federal prisoners' good time credit, providing for 54 days of such credit for each year of a prisoner's "sentence imposed by the court." 132 Stat. 5194, 5210 (2018). When Dudgeon filed the instant habeas petition on June 6, 2019, he had a projected release date of February 11, 2020, based on a projection of 94 days of good time credit for good conduct. (Boldt Decl. ¶ 4.)

Although the First Step Act was enacted on December 21, 2018, the amendments relating to the recalculation of good time credit did not go into effect until the Attorney General developed and released a risk and needs assessment, *see* 132 Stat. at 5196, 5210, 5213, which was effective on July 19, 2019. *See Butler v. Warden*, *FCI Ray Brook*, No. 9:18-cv-1354 (LEK), 2019 WL 3547500, at *6 (N.D.N.Y. Aug. 5, 2019). The BOP has now revised Dudgeon's sentence computation to reflect the change in good time credit under the First Step Act. (Boldt Decl. ¶ 6.) Under the revised computation, Dudgeon now has a projected release date of January 28, 2020, based on a projection of 108 days of good time credit. (*Id.*) To the extent that Dudgeon's Petition seeks a recalculation of good time credit it is moot, as the BOP has recalculated his good time credit and release date, consistent with the amendments discussed above.

The First Step Act also expanded transitional residential opportunities, including home confinement, for elderly and terminally ill inmates. The elderly inmate home confinement pilot program, codified at 34 U.S.C. § 60541(g), provides for the placement of eligible elderly offenders from BOP facilities to home detention. It is not a "release" from imprisonment because eligible offenders will continue to serve their sentences in home confinement. *See Schlegel v. Rios*, No. 19-cv-338 (SRN/ECW), 2019 WL 3417053, at *3 (D. Minn. June 18, 2019), *aff'd*, 2019 WL 3412207 (D. Minn. July 29, 2019). An "eligible elderly offender" refers to an offender in BOP custody

> (i) who is not less than 60 years of age;
>
> (ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;
>
> (iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);
>
> (iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);
>
> (v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;
>
> (vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and
>
> (vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C. § 60541(g)(5)(A).

As noted above, in order to be eligible, an offender must have actually "served 2/3 of the term of imprisonment to which the offender was sentenced." *See id.* § 60541(g)(5)(A)(ii). This requirement may be waived, however, "as necessary to provide for the release of some or all eligible elderly offenders . . . from Bureau facilities to home detention for the purposes of the pilot program." (Winger Decl., Ex. A [Doc. No. 10-1 at 2] (Apr. 4, 2019 BOP Operations Mem.).) Discretion over placement lies with the Attorney General and the BOP. *See* 34 U.S.C. § 60541(g)(1)(B), (g)(5)(A)(iv), (vi), (vii).

Shannon Boldt, a BOP Paralegal Specialist, attests that on August 14, 2019, staff at FPC-Duluth reviewed Dudgeon's eligibility for the pilot program, finding that he did not meet the initial criteria at that time. (Boldt Decl. ¶ 7.) However, staff determined that he would meet the eligibility requirements on September 14, 2019.[1] (*Id.* ¶ 8.) At that time, staff will process a home confinement referral, although Ms. Boldt notes that Dudgeon lacks a residence for release. (*Id*; *see also* Winger Decl. [Doc. No. 10] ¶ 9.)

Accordingly, because the BOP has determined that Petitioner is ineligible for immediate placement in the Elderly Home Confinement Project, but is eligible for referral

---

[1] In a previously filed declaration, Kyja Winger, Unit Manager at FPC-Duluth, also states that Dudgeon will meet the eligibility requirements on September 14, 2019. (Winger Decl. [Doc. No. 10] ¶ 9.) The Court notes, however, that an exhibit attached to Ms. Boldt's more recent declaration indicates a "home detention eligibility date" of November 17, 2019. (Boldt Decl., Ex. A [Doc. No. 15-1 at 2] (Dudgeon's Aug. 9, 2019 Public Information Inmate Data).) The Court assumes that the earlier date of September 14, found in the sworn statements of two BOP staff members, is the correct date.

4

to the program in the near future, his Petition for a Writ of Habeas Corpus is denied without prejudice, and his Motion for Immediate Transfer to Home Confinement is denied.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DENIED without prejudice**;

2. Petitioner's Motion for Immediate Transfer to Home Confinement [Doc. No. 2] is **DENIED**; and

3. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 19, 2019                                       s/Susan Richard Nelson
                                                              SUSAN RICHARD NELSON
                                                              United States District Judge