# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James G. Dudgeon,<br><br>Petitioner,<br><br>v.<br><br>Warden M. Rios,<br><br>Respondent. | Case No. 0:19-cv-1489-SRN-DTS<br><br>**ORDER** |

James G. Dudgeon, Rock Valley Community Programs, Inc., 203 W. Sunny Lane Rd., Janesville, WI 53546, pro se.

Ana H. Voss, Ann M. Bildtsen, Andrew Tweeten, and Erin M. Secord, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner James G. Dudgeon's Reply to the Government's Supplemental Response [Doc. No. 19], which the Court construes as a motion for reconsideration of the Court's August 19, 2019 Order ("the August 19 Order") [Doc. No. 17]. In the August 19 Order, the Court denied Dudgeon's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] and Motion for Immediate Transfer to Home Confinement [Doc. No. 2]. The Government opposes Dudgeon's Motion for Reconsideration. (Gov't's Opp'n to Reconsider [Doc. No. 23].)

On September 20, 2019, the Court deferred ruling on Dudgeon's reconsideration motion and directed the Government to supplement its response. (Sept. 20, 2019 Order [Doc. No. 27] at 5–6.) The Government has provided the requested information, (Gov't's

Supp'l Mem. [Doc. No. 33]), and Dudgeon has likewise filed a supplemental response. (Pet'r's Supp'l Response [Doc. No. 37].) For the reasons set forth below, Dudgeon's Motion for Reconsideration is denied.

I. BACKGROUND

As previously noted, Petitioner is 61 years old and is serving a two-year term of imprisonment for aggravated identity theft. (Boldt Decl. [Doc. No. 15] ¶ 4; Second Boldt Decl. [Doc. No. 24] ¶ 4; Pet. ¶ 13.) Until recently, Dudgeon was imprisoned at the Federal Prison Camp in Duluth, Minnesota. (Boldt Decl. ¶ 4.) In his habeas petition, Dudgeon sought immediate placement in the elderly home detention pilot program ("Elderly Offender Program") of the Bureau of Prisons ("BOP"). (Pet. at 6–7; Pet'r's Mot. for Transfer at 4.)

In the August 19 Order, the Court found that to the extent Dudgeon sought a recalculation of his good time credit, it was moot, as the BOP had recalculated his sentence to reflect the change in good time credit under the First Step Act. (Aug. 19 Order at 2.) The Court also noted that discretion about placement in the Elderly Offender Program lies with the Attorney General and the BOP. (*Id*. at 4) (citing 34 U.S.C. § 60541(g)(1)(B); (g)(5)(A)(iv), (vi), (vii)).

In addition, the Court stated that on August 14, 2019, staff at FPC-Duluth reviewed Dudgeon's time-served eligibility for the Elderly Offender Program, finding that while he failed to meet the eligibility requirements at that time, he would meet them on September 14, 2019. (Boldt Decl. ¶ 8.) BOP staff noted that "[a]t that time a home confinement referral will be processed in accordance with the Operational Memorandum, <u>Home</u>

Confinement under the First Step Act. Additionally, Dudgeon does not have a residence for release." (*Id.*) Based on this information, the Court denied Dudgeon's Petition without prejudice, as the BOP had determined that Dudgeon was ineligible for immediate placement in the Elderly Offender Program, but would be eligible for referral in the near future. (Aug. 19 Order at 4–5.)

In seeking reconsideration, Dudgeon asserts that the BOP misstates facts regarding whether he has a residence for release. (Pet'r's Mot. for Reconsider. at 4–5; 6–10.) He states that he proposed living with his fiancé, Sharon Burch, in the Northern District of Illinois, if the BOP placed him in the Elderly Offender Program. (*Id.* at 4.)

The BOP's determination that Dudgeon lacks a residence is based upon an April 2019 review conducted by a U.S. probation officer at the request of the BOP. (Second Winger Decl. [Doc. No. 25], Ex. C (Apr. 3, 2019 Letter).) Under the First Step Act, U.S. probation officers are authorized to assist the Attorney General in "evaluating eligible elderly offenders." 34 U.S.C. § 60541. After meeting with Ms. Burch at her residence, the reviewing probation officer denied Dudgeon's proposed relocation plan "based on the fundamental factor that Mr. Dudgeon does not have significant familial nor employment ties in the Northern District of Illinois." (Second Winger Decl., Ex. C (Apr. 3, 2019 Letter).)

In his Motion for Reconsideration, Dudgeon contends that he has administratively challenged the BOP's determination since May 2019. (Pet'r's Mot. for Reconsider. at 4.) In a letter that he sent to the U.S. Probation Office in Rockford, Illinois, Dudgeon addresses his familial ties. (Ex. to Pet'r's Mot. for Reconsider. at 8.) Dudgeon notes that apart from

3

his fiancé, his only other family members include a brother in Phoenix, Arizona, and a son in Tinley Park, Illinois. (*Id.*) He states that he was advised that Phoenix and the Chicago area are not acceptable locations for home confinement or supervision. (*Id.*) Further, Dudgeon asserts that he lived with Ms. Burch in Rockford, Illinois in July 2017, and that Ms. Burch has been employed full-time since October 2017 at a local law firm. (*Id.*) Dudgeon is confident in his ability to find work in the area, citing over 30 years of successful business experience. (*Id.*) In Dane County, Wisconsin, where he believed he would complete the remainder of his sentence in a residential reentry center, he has no family members, nor any job prospects, as he has not lived there since mid-2014. (*Id.* at 9.)

In a letter that his fiancé submitted to the U.S. Probation Office in Rockford, Ms. Burch states that she has been in a committed relationship with Dudgeon since early 2016 and plans to marry him. (Ex. to Pet'r's Mot. for Reconsider. at 5.) She has a stable home, reliable transportation, and a full-time job, all of which, she asserts, are more conducive to Dudgeon finding employment in their community than elsewhere. (*Id.*) She further notes that she has no criminal background and there is no domestic violence or substance abuse in her relationship with Dudgeon. (*Id.*)

The Court deferred ruling on Dudgeon's Motion for Reconsideration and directed the Government to update the Court on the status of Dudgeon's administrative remedies. (Sept. 20, 2019 Order at 5–6.) Also, the Court asked for additional detail regarding the Government's determination that Dudgeon lacks "significant familial ties" and employment prospects in the Northern District of Illinois. (*Id.*)

4

Approximately two weeks after Dudgeon filed the Motion for Reconsideration in late August 2019, he became eligible for placement in a residential reentry center. The BOP has since transferred him to a residential reentry center in Janesville, Wisconsin, where he currently resides. (Pet'r's Supp'l Response at 3.)

**II.   DISCUSSION**

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon En. Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Here, the Court finds that no manifest errors of law or fact, or the presentation of additional evidence, warrant reconsideration of the denial of Dudgeon's petition.

While a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his or her administrative remedies, *see Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009), this requirement may be waived in certain circumstances, including where it would be futile and serve no useful purpose. *See Aguilar v. United States*, No. 15-cv-487 (SRN/JSM), 2015 WL 5719166, at *2 (D. Minn. Sept. 29, 2015). Exhaustion may be excused if the issues that the petitioner asserts are particularly time-sensitive and could otherwise become moot. *See Carter v. Marques*, No. 19-cv-1403 (JRT/LIB), 2019 WL 3503763, at * 2 (D. Minn. July 1, 2019). Here, Dudgeon does not appear to have exhausted his administrative remedies. (Third Boldt Decl. [Doc. No. 34] ¶¶ 14, 16.) However, because the nature of Dudgeon's claim is time-sensitive and straightforward, the Court will excuse his failure to exhaust his administrative remedies.

As noted in the Court's August 19 Order, although the BOP agreed to process Dudgeon's home confinement referral when he became eligible for the program in September 2019, it noted that Dudgeon lacked a residence to which he could be released. (Aug. 19 Order at 4) (citing Boldt Decl. ¶ 8). In his motion for reconsideration, Dudgeon challenges that assertion, citing the residence of his fiancé. In the Government's supplemental response in opposition, the Government explains that Dudgeon's fiancé was not considered a significant familial tie, as she was not married to Dudgeon, and the two had only cohabited for six months prior to his incarceration. (Grennan Decl. [Doc. No. 35] ¶ 7.) Moreover, when interviewed, Dudgeon's fiancé indicated that she was not confident that Dudgeon could find employment in that jurisdiction due to his felony conviction. (*Id.* ¶ 8.)

As the Court noted in the August 19 Order, discretion over placement in the Elderly Offender Program lies with the BOP. *See* 34 U.S.C. § 60541(g)(1)(B), (g)(5)(A)(iv), (vi), (vii). Although Dudgeon objects to the BOP's consideration of his employment prospects and familial ties in his proposed residence, (Pet'r's Supp'l Response at 2–3), the BOP possesses the authority and discretion to make placement decisions, and has explained the basis for its decision here. The Court therefore finds no basis to alter its prior ruling to deny Dudgeon's habeas petition without prejudice. Accordingly, his Motion for Reconsideration is denied.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Reconsideration [Doc. No. 19] is **DENIED**.

Dated: October 23, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge